BEFORE THE THIRD DIVISION, JULY 6, 1938

No. 38965.—Protest 909057–G of Dorsay Trading Co., Inc. (Galveston).

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to obtain money claimed to have been collected in excess upon an importation of pimientos. Plaintiff claims that the entry covered thereby, No. 35 H, was not reliquidated in accordance with a decision of this court reported in Abstract 28461, covering suit 640933–G, in that the collector failed to make proper allowance in his reliquidation for the weight of the liquid in the tins, which was held to be no part of the dutiable weight of the pimientos.

This is the third time that the proper liquidation of this entry has been before us. The history of the litigation is as follows. The original case, suit 640933–G, was submitted upon a stipulation of counsel that the merchandise consisted of pimientos in tins similar in all material respects to those passed upon in *Von*

*Bremen, Asche, DeBruyn, Inc.* v. *United States*, T. D. 46643. It was further stipulated as follows:

That the weight of the liquid in each case containing 100/4 tins, 1/4 kilo tins, or 7 ounce tins is 8 pounds per case of 100 tins.

That the weight of the liquid in each case containing 100/8 tins, 1/8 kilo tins, or 4 ounce tins is 4 and 5/16 pounds per case of 100 tins.

In deciding that suit we held that the pimientos involved were properly dutiable upon the basis of the weights as set forth in the stipulation and the judgment order was to the same effect (Abstract 28461).

Subsequently plaintiff filed suit 768236–G against the same entry, in which it claimed that the collector refused to reliquidate. This court, in Abstract 34894, directed the collector at the port of entry to follow the mandate of the court in the original case. Plaintiff now claims that the collector, although he has reliquidated the entry, has still failed to follow the court's order in respect to the allowance to be made for the weights of the liquid in the tins, as agreed upon by counsel in a written stipulation.

When the instant case was heard at the port of entry no testimony was produced on either side, the hearing being confined to statements of counsel as to the issue involved, and the only evidence before the court consists of the former records and the entries, invoices, and other papers forwarded by the collector. Entry 23 H, covered by suit 604802–G, *supra*, was admitted in evidence over objection by Government counsel. That entry is not involved in the instant case and the action of the collector in connection therewith can have no probative force in determining the rights of the parties herein.

An examination of the record as thus made discloses that the collector in said suit 640933–G reported that these pimientos were assessed at 6 cents per pound under paragraph 775 "on the drained weight of the contents of the tins." Plaintiff's attorney makes the novel contention in his brief that even if that were a fact—

the Collector is precluded from making such an assertion after the litigating parties have stipulated to incorporate the record in a test case, in which it was shown that no allowance was made for the liquid.

The stipulation referred to is in the following language:

That the merchandise on the invoices covered by the above protests and assessed for duty at 6¢ per pound under Paragraph 775 of the Tariff Act of 1930, consists of pimientos in tins, similar in all material respects to those passed upon in Von Bremen-Asche-De Bruyn, Inc. v. United States, T. D. 46643.

Our understanding of this stipulation is that counsel agree that the merchandise is similar to that in the decided case. We find no language therein which could be construed as an agreement that "no allowance was made for the liquid." The stipulation, as we read it, agrees upon the identity of the merchandise, not the manner of assessment.

The only proof as to the manner in which the collector reliquidated is found on a slip attached to entry 35 H, which is as follows:

Warehouse entry No. 35H of 1/19/33. Reliquidated in accordance with U. S. Customs Court decision of 10/9/36 No. 768236–G–3098, and Bureau letter No. 75398 of April 15, 1937, attached:

| | |
|---|---|
| 300 cs. 100/8 tins | |
| Gross weight tins and contents as per dock book and weigher's certificate | 12, 187½ # |
| Tare (actual) as per dock book and weigher's certificate, including liquid found by Customs Court to weigh 4⅝₆ lbs. per case of 100 tins | 4, 687½ # |
| Net dutiable (drained) weight | 7, 500 lbs. |

Warehouse entry No. 35H of 1/19/33—Continued.
100 cs. 100/4 tins

| | |
|---|---:|
| Gross weight tins and contents as per dock book and weigher's certificate | 6250 lbs. |
| Tare (actual) as per dock book and weigher's certificate, including liquid found by Customs Court to weigh 8 lbs. per case of 100 tins | 1875 lbs. |
| Net dutiable (drained) weight | 4375 lbs. |
| Total Net Dutiable Weight Computed in Accordance with Decisions of the United States Customs Court, Abstracts 28461 and 34894 | 11875 lbs. |
| 11,875 lbs. @ 6¢ | $712. 50 |
| Estimated duty | 712. 50 |

No Change

[Verification seal]                                            [Initialed]

Counsel for the plaintiff in his brief attempts to draw a comparison between the liquidation of this entry and that of entry 23 H, and alleges that the collector was inconsistent in the liquidation of the two entries. As stated above, the liquidation of entry 23 H is not here involved and we can give no weight to the figures thereon in the absence of other proof. The brief also contains statements as to what the plaintiff "has reason to believe" in regard to the basis of the collector's action. The rules of evidence require proof of alleged facts rather than "beliefs" of counsel.

In a case presenting such a confused record as the one at bar it would seem that at a hearing at the port of entry evidence might have been produced by way of testimony of the Government officials as to the facts. In the absence of such testimony this court should not be compelled to wade through a number of papers and interpret figures as to the meaning of which counsel cannot agree.

We overrule plaintiff's claim for lack of proof of the facts therein alleged.

Judgment for defendant. It is so ordered.